UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OSCAR PETTAY,**

    Plaintiff,

v.                                   Case No. 6:25-cv-305-PGB-NWH

**R.P. UTILITY & EXCAVATION CORP.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant R.P. Utility & Excavation Corp.'s Motion to Dismiss Count II of Plaintiff's Amended Complaint and Request for Oral Argument regarding the same. (Docs. 7, 15). For the reasons set forth below, the undersigned respectfully recommends that the instant Motion be **GRANTED** and the Amended Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file a second amended complaint curing the deficiencies described below.

## BACKGROUND

Plaintiff Oscar Pettay, proceeding *pro se*, initiated this action in state court in Orange County, Florida, on January 21, 2025, and filed the operative Amended Complaint on January 22, 2025. (Docs. 1-2, 1-4). Defendant RP Utility and Excavation Corp. removed this action to federal court on February 24, 2025, pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff alleges that he contracted with Defendant on December 19, 2023, to perform work at construction sites and to receive a "regular

salary." (*Id.* at ¶¶ 6, 7). He performed his obligations under this contract and completed "multiple projects" for Defendant over the course of a year. (*Id.*). Plaintiff alleges that he was wrongfully terminated on January 20, 2025, because of his workplace injuries and so that the Defendant could avoid paying him certain amounts due under the contract. (*Id.* at ¶ 12). The Amended Complaint further alleges that Plaintiff was "coerced into returning to work" soon after knee surgery and was "pressured by Defendant to avoid reporting" an injury under his worker's compensation policy. (*Id.* at ¶ 14). Plaintiff attaches three exhibits to the Amended Complaint: a contract with Defendant, which is largely illegible; a photograph of a cell phone showing numbers (purportedly reflecting the value of the contract and associated construction project); and a termination letter from Defendant. (*See id.*).

The Amended Complaint contains two counts: breach of contract (Count I) and wrongful termination under the Family and Medical Leave Act ("FLMA") (Count II). (Doc. 1-4). On February 28, 2025, Defendant filed a Motion to Dismiss the FMLA wrongful termination claim (the "Motion to Dismiss"). (Doc. 7). Counsel appeared on behalf of Plaintiff shortly thereafter, (Doc. 8), but did not seek leave to amend the Amended Complaint. The Court entered the Case Management and Scheduling Order on April 4, 2025, setting the deadline to amend pleadings on May 5, 2025. (Doc. 17).

## STANDARD

I. **Dismissal**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient; a complaint must "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

The Court need not accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* While pleadings from pro se litigants are held to a less stringent standard than pleadings drafted by attorneys, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards, *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

## II. FMLA

The Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, creates two types of civil claims: (1) interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and (2) retaliation claims, where an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). To establish an interference claim, a plaintiff must show that he is entitled to the benefit he claims and that his employer interfered with or denied that benefit. *O'Connor v. PCA*

*Fam. Health Plan, Inc.*, 200 F.3d 1349, 1353 (11th Cir. 2000) (citing *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 712–14 (7th Cir. 1997)).

As the Eleventh Circuit has explained, "[t]o recover on either an interference or a retaliation claim under the FMLA, the employee must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period. *See* 29 U.S.C. § 2611(2)(A). The FMLA only applies to private-sector employers with fifty or more employees. *Id.* § 2611(4)(A)." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015).[1]

## DISCUSSION

As an initial matter, Count II of the Amended Complaint could be construed as a claim for both interference and retaliation under the FMLA. It contains allegations that the Defendant interfered with Plaintiff's FMLA leave by coercing him to return to work prematurely *and* that the Defendant retaliated against the Plaintiff for taking such leave by wrongfully terminating him. (Doc. 1-4 at ¶¶ 12–15). In either case, however, Plaintiff is still required to plead sufficient facts to conclude that he was an "eligible employee," and that the Defendant was an "employer," within the meaning of the statute, and that he provided the required advanced notice prior to taking leave. (Doc. 7 at 3-4). The Amended Complaint does none of these things.

---

[1] In some circumstances, an employee who has not yet qualified for FMLA leave can still state a claim for interference or retaliation. *See Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012) (expectant mother who requested leave before becoming eligible, but who would have become eligible by the time of her child's birth, could state a claim under the FMLA). The Amended Complaint does not allege that such a pre-eligibility circumstance existed here. (*See* Doc. 1-4).

The Amended Complaint contains no allegations whatsoever that Plaintiff provided the required advanced notice. The regulation governing this notice requirement states, among other things, that an employee must provide the employer with at least 30 days' notice if the reason for FMLA leave is "foreseeable" and, if the reason is not foreseeable, to provide notice "as soon as practicable." 29 C.F.R. § 825.302(a)–(b). The Amended Complaint does not contain any factual averments regarding these requirements.

The Amended Complaint also contains insufficient factual averments to establish that Defendant qualified as an "employer" for purposes of the FMLA or to establish that Plaintiff qualified as an "eligible employee." It merely states that Defendant hired Plaintiff in December 2023 to perform certain work and that he was terminated in January 2025. (*Id.* at ¶¶ 6, 7, 12). Taking all reasonable inferences in Plaintiff's favor, as is required at the pleading stage, *Stephens v. Dep't of Health & Human Services*, 901 F.2d 1571, 1573 (11th Cir. 1990), that may be sufficient to infer that he worked for Defendant for over twelve months. But the undersigned cannot reasonably infer from these allegations that Plaintiff worked for more than 1,250 hours in that time. Moreover, nothing in the Amended Complaint addresses whether the Defendant had more than 50 employees or otherwise qualified as an "employer" under the FMLA.[2] *See Surtain*, 789 F.3d at 1247.

---

[2] Perhaps the contract or the terminations letter between Plaintiff and Defendant would

In his Response to the Motion to Dismiss, Plaintiff asserts that "[the] Amended Complaint states that he was employed by Defendant for more than 12 months and worked at least 1,250 hours in the previous 12 months." (Doc. 12 at 2-3). But the Amended Complaint contains nothing of the sort.[3] It is true that courts "liberally constru[e]" complaints filed *pro se*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but that liberal construction only goes so far—especially where the *pro se* party has since retained counsel.

Even so, amendment does not appear futile here. Nothing in the Amended Complaint contradicts the elements of an FMLA claim. Defendant does not argue otherwise in the Motion to Dismiss. (Doc. 7). Therefore, the undersigned will respectfully recommend that this Court dismiss Count II of the Amended Complaint without prejudice and grant Plaintiff leave to file an amended complaint curing the above-described deficiencies.

## RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1. **GRANT** the Motion to Dismiss **WITHOUT PREJUDICE** (Doc. 7);

2. **GRANT** the Plaintiff leave to file an amended complaint by a date the

---

provide more support to Plaintiff's arguments. Both documents appear to be attached to the Amended Complaint. Those exhibits, however, are both in Spanish (no translation is provided) and the copy of the contract attached as Exhibit A is a completely illegible image.

[3] These unsupported assertions toe the line between good faith argument and misrepresentation. Zealous advocacy aside, counsel for Plaintiff is cautioned that his factual or legal contentions before this Court must have a *nonfrivolous* basis. Fed. R. Civ. P. 11(b).

    Court deems appropriate; and

3. Caution the Plaintiff that failure to timely file a second amended complaint could result in dismissal of his FMLA claim(s) with prejudice or an order of remand due to the resulting absence of federal question jurisdiction under 28 U.S.C. § 1331.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on July 24, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Presiding District Judge