## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**OSCAR PETTAY,**

        **Plaintiff,**

v.                                             Case No: 6:25-cv-305-PGB-NWH

**R.P. UTILITY & EXCAVATION CORP.,**

        **Defendant.**

_____/

## **ORDER**

This cause is before the Court on Defendant R.P. Utility & Excavation Corp.'s ("**Defendant**") Motion to Dismiss Count II of Plaintiff Oscar Pettay's ("**Plaintiff**") Amended Complaint (Doc. 7 (the "**Motion to Dismiss**")), and Defendant's Request for Hearing on the Motion to Dismiss (Doc. 15 (the "**Request for Hearing**")). Magistrate Judge Nathan W. Hill submitted a Report recommending that the Motion to Dismiss be granted and Plaintiff be provided leave to file a second amended complaint. (Doc. 24 (the "**Report**")). No parties have filed an objection, and the time to do so has now passed.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court is due to adopt the Report in part to the extent discussed herein.[1]

The Report initially indicates that the *Amended Complaint* should be dismissed without prejudice. (Doc. 24, p. 1). However, such a statement was presumably a clerical error given Judge Hill's findings and ultimate recommendation that only *Count II* of Plaintiff's Amended Complaint be dismissed—as Defendant requested in its Motion to Dismiss. (*See id.* at p. 6; *see also* Doc. 7). Therefore, for the reasons stated in the Report, the Court is due to dismiss only *Count II* of Plaintiff's Amended Complaint without prejudice.

Moreover, while the Report acknowledges the pendency of Defendant's Request for Hearing on the Motion to Dismiss, the Report does not further address the Request for Hearing on the Motion to Dismiss. (Doc. 24, p. 1). However, the Report recommends that the Court grant the Motion to Dismiss for various stated reasons—all of which the Court agrees with. (*See generally* Doc. 24). As such, the Court finds that Defendant's Request for Hearing on the Motion to Dismiss should be denied as moot.

Therefore, it is **ORDERED** as follows:

---

[1] As discussed *infra*, the Court adopts the Report in part simply to clarify the dismissal of only Count II of the Amended Complaint—not the Amended Complaint in its entirety—and to address Defendant's Request for Hearing.

1. The Report (Doc. 24), filed July 24, 2025, is **ADOPTED IN PART** and **CONFIRMED IN PART** and, to the extent discussed herein, made a part of this Order;

2. Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. 7) is **GRANTED**;

3. Defendant's Request for Hearing on the Motion to Dismiss (Doc. 15) is **DENIED AS MOOT**;

4. Count II of the Amended Complaint (Doc. 1-4) is **DISMISSED WITHOUT PREJUDICE**;[2] and

5. On or before **August 29, 2025**, Plaintiff may file a second amended complaint consistent with the directives of this Order and the Report, if Plaintiff believes it can do so in accordance with Rule 11. Failure to timely file a second amended complaint may result in dismissal of Plaintiff's claim(s) under the Family Medical Leave Act with prejudice or an order of remand due to the resulting absence of federal question jurisdiction under 28 U.S.C. § 1331.

**DONE AND ORDERED** in Orlando, Florida on August 15, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

[2] As previously clarified, this Order does not dismiss the Amended Complaint without prejudice—only Count II of the Amended Complaint is dismissed without prejudice.

Copies furnished to:

Counsel of Record
Unrepresented Parties